FILED

2006 OCT 13 PM 4: 12

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-  Case No. 6:06-cr-77-Orl-28DAB

JAQUELINE M. COLLINGTON

## SENTENCING MEMORANDUM

After considering the advisory Guidelines, the Court has determined that adherence to 18 U.S.C. § 3553(a)(1-7) requires an upward variance in sentence outside the guideline range. The Court enters this Order, which is consistent with the reasoning announced orally at the sentencing hearing.

### 18 U.S.C. § 3553(a)(1-7)

1. *Nature of Circumstances of the Offense – 18 U.S.C. § 3553(a)(1)*

Defendant entered a plea of guilty to the offense of Conspiracy to Defraud the United States and to Commit an Offense Against the United States in violation of 18 U.S.C. § 371. The offense was not ordinary in that it involved a scheme to fraudulently acquire relief funds the United States had set aside for the benefit of victims of Hurricanes Katrina and Rita, storms that ravaged the Gulf Coast in 2005. The people for whom these funds were set aside were extremely vulnerable – they were driven from their homes and many did not have the means necessary for basic

survival. The Defendant's conduct resulted in Defendant and others wrongfully acquiring relief funds others were entitled to and that they desperately needed.

Defendant allowed Ronnie McNeil to use her name and Social Security number in completing applications for relief from the United States. In each application, it was represented that Defendant was a resident of Louisiana even though she was in fact a resident of Florida. The applications were approved and the United States issued checks in Defendant's name. The Defendant then cashed the checks and split the proceeds with McNeil. Six checks for $2,000 each were received and cashed.

Defendant also assisted McNeil in making applications by telephone on behalf of other females participating in the scheme. Defendant was to receive $200 for each false application. Defendant assisted McNeil in obtaining $71,708 in FEMA funds that were cashed by other individuals. There were also an additional $14,000 in attempted claims that were not issued. In all, the actual and attempted loss attributed to Defendant is approximately $97,708.

The facts contained in the Pre-sentence Report have been included in my findings; they describe in detail the scope of Defendant's conduct.

2. *History and Character of the Defendant – 18 U.S.C. § 3553(a)(1)*

Defendant has no prior criminal history. The Court has considered Defendant's personal history as described in the Pre-sentence Report. There is nothing about the Defendant's personal history that is particularly favorable or unfavorable.

### 3. *Need for the Sentence Imposed – 18 U.S.C. § 3553(2)(A-D)*

The need for the sentence imposed is determined by the seriousness of the offense, promotion of respect for the law, the need for punishment, deterrence, and the needs of the defendant. A sentence of at least 24 months is necessary to promote respect for the law in this case. Given the sentences imposed against the other defendants in this case and the scope of Defendant's crimes, a sentence of less than 24 months would be unjust. It is important that the penalty in this case serve as a deterrence to crime in general, and that it also serve as a specific deterrence for crimes involving the theft of Government disaster relief funds. This sentence will be a meaningful deterrence to further criminal conduct by this Defendant.

In imposing this sentence, I considered other sentencing options, but none are more appropriate with regard to the statutory purposes of sentencing. The public requires protection from Defendant's conduct. She is not in need of any special education or the services of a particular rehabilitation program.

### 4. *Sentencing Possibilities – 18 U.S.C. § 3553(a)(3), (4) & (6)*

The Court has considered other types of sentences available, but has concluded that no other sentence is appropriate. The Court has also considered the Government's 5K1.1 motion and recommendation. The motion was denied because the Court considered Defendant's testimony in the trial – of a much less culpable co-defendant – to be of minimal value. Moreover, the motion was moot, because the

Court would have imposed the same sentence even if the Government's 5K1.1 motion had been granted. In imposing this sentence, the Court has attempted to avoid any disparity "among other defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). The Court has already described the unusual nature of this crime, which has been considered in arriving at an appropriate sentence.

5. *The Need to Provide Restitution – 18 U.S.C. § 3553(a)(7)*

Finally, the Court is aware that a large sum of restitution is due and that Defendant should commence payment as soon as possible. Restitution shall commence while Defendant is in prison. It is recognized that her ability to make restitution shall be enhanced when she commences her period of supervised release. Notwithstanding the adverse effect of imprisonment on Defendant's ability to pay restitution, incarceration is required as part of a sufficient sentence.

The sentence of 24 months is sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

**DONE** and **ORDERED** in Orlando, Florida on this ___13___ day of October, 2006.

                                                                              _____
                                                                              JOHN ANTOON II
                                                                              United States District Judge

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant

Jaqueline M. Collington